UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE W. KIRKLAND, JR.,

        Plaintiff,        Case No. 12-cv-15035
                                    Honorable David M. Lawson
    v.                                Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

**REPORT AND RECOMMENDATION TO DISMISS, *SUA SPONTE*,
PLAINTIFF'S COMPLAINT [1] UNDER 28 U.S.C. §1915(e)**

## I. RECOMMENDATION

This case has been referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. §636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #4).

Plaintiff George W. Kirkland, Jr. ("Plaintiff") has been granted leave to proceed *in forma pauperis* in this matter. (Doc. #6). The court now having assessed the sufficiency of the complaint pursuant to 28 U.S.C. §1915(e), **IT IS RECOMMENDED** that Plaintiff's complaint be dismissed *sua sponte*.

## II. REPORT

### A. Background

On March 7, 2012, Plaintiff, who currently is an inmate at the Central Michigan Correctional Facility, filed a complaint in Case No. 12-11028, challenging a decision of Defendant Commissioner of Social Security ("Commissioner") relating to his receipt of benefits

under Title II of the Social Security Act (the "Act"). (Case No. 12-11028, Doc. #1). On May 29, 2012, the Commissioner filed a motion to dismiss, arguing that the court lacked subject matter jurisdiction over Plaintiff's complaint because he was not challenging a final decision of the Commissioner, made "after a hearing," as required by 42 U.S.C. §405(g). (Case No. 12-11028, Doc. #10). On August 22, 2012, the undersigned issued a report and recommendation, concluding that the court lacked jurisdiction over Plaintiff's complaint, and recommending that it be dismissed. (Case No. 12-11028, Doc. #13). On September 7, 2012, the district court issued an order adopting the report and recommendation and dismissing Plaintiff's complaint without prejudice.[1] (Case No. 12-11028, Doc. #16). On September 25, 2012, the district court denied Plaintiff's motion for reconsideration. (Case No. 12-11028, Doc. #20).[2] Plaintiff did not appeal that decision.

Instead, on November 14, 2012, Plaintiff filed the instant complaint against the Commissioner. (Case No. 12-15035, Doc. #1). Plaintiff states: "I am filing this action seeking

---

[1] As noted in that order, the case was dismissed without prejudice because, to the extent Plaintiff was able to submit sufficient proof to the Social Security Administration ("SSA") that he timely requested a hearing, there remained a possibility that the Commissioner would grant Plaintiff a hearing. (Case No. 12-11028, Doc. #16). Plaintiff does not allege in his current complaint, however, that he submitted such proof to the SSA or that a hearing was held in the interim.

[2] In his motion for reconsideration, Plaintiff argued that "his complaint was not filed seeking judicial review regarding a denial of benefits under 42 U.S.C. §405(g), but rather was brought under 42 U.S.C. §1383(b) regarding the Commissioner's alleged negligence in handling benefit overpayments." (Doc. #20 at 2). The district court explained that Plaintiff's argument was misguided because "Section 1383(b) is not a jurisdictional statute. Thus, plaintiff could not have filed a proper complaint under section 1383(b). Rather, section 1383(b) generally sets for[th] the procedures when the Commissioner believes there has been an overpayment of benefits, providing that the overpayment must be recovered unless relief from repayment can be granted under the waiver provisions…**In all events, plaintiff must still follow the administrative scheme, which includes having a hearing, before the Court can review any challenges.**" (*Id.* at 2-3) (citations omitted; emphasis added). That ruling makes perfect sense because Plaintiff cannot prevail on a collateral claim related to an alleged unlawful non-payment of benefits without there first being a determination that such benefits are in fact due.

judicial review of an unfavorable decision regarding my disability benefits…" (*Id.* at 3). Plaintiff's allegations in this complaint essentially mirror the allegations in his prior complaint; indeed, in completing the Civil Cover Sheet he indicated that "this [is] a case that has been previously dismissed". (Doc. #1 at 36). More specifically, he claims that the SSA wrongfully denied him benefits for a period of time and wrongfully sought to recoup amounts he was allegedly overpaid. He claims that these alleged actions by the SSA "cause[d] me undue hardships and mental anguish" such as being evicted from his home, turning to alcohol, and ultimately being arrested and jailed for driving while intoxicated. (*Id.* at 4, 19). However, Plaintiff does not allege in his current complaint that a hearing has been held before an administrative law judge since the dismissal of his prior lawsuit, nor does he present evidence that he timely requested such a hearing, as would be required to proceed. (Case No. 12-11028, Doc. #13 at 4-5).

  **B.**   **Discussion**

  Once a complaint is filed *in forma pauperis* under 28 U.S.C. §1915(a), the court must test its sufficiency under §1915(e). Pursuant to 28 U.S.C. §1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

  The court is required to construe Plaintiff's *pro se* complaint liberally and hold his complaint to a less stringent standard than one drafted by an attorney. *See Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005). However, §1915(e)(2)(B) directs that a complaint must be dismissed if it fails to state a claim upon which relief may be granted. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scott v. Brennan*, 2010 WL 4624022, at *1 (E.D. Mich. Nov. 4, 2010) (quoting *Mayer v. Mylod*, 988 F.2d 635, 638

(6th Cir. 1993)).

Even construing liberally Plaintiff's *pro se* complaint, the court concludes that it fails to state a claim upon which relief may be granted and, thus, should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). As set forth above, this court issued a report and recommendation in Plaintiff's prior case – which he himself equates with this case (Doc. #1 at 36) – concluding that the court lacked jurisdiction over Plaintiff's complaint because he was not challenging a final decision of the Commissioner, made "after a hearing," as required by 42 U.S.C. §405(g). (Case No. 12-11028, Doc. #13). The district court adopted this report and recommendation and dismissed Plaintiff's complaint without prejudice, specifically noting that Plaintiff could only obtain the prerequisite hearing before an administrative law judge if he could "provide proof to the Commissioner that he timely requested a hearing." (Case No. 12-11028, Doc. #16 at 3). The district court further made explicitly clear: "Until such time as [Plaintiff] completes the administrative process before the Commissioner, the Court cannot review the merits of his complaint." (*Id.*). The same holds true today.

Nowhere in Plaintiff's instant complaint does he allege that, since the dismissal of his prior lawsuit, he submitted proof to the SSA that he timely requested an administrative hearing, or that such a hearing has been held. For this reason, Plaintiff's complaint fails to state a claim upon which relief may be granted and should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). (Case No. 12-11028, Doc. #13 at 4-5.) Nor can Plaintiff use the instant action, which he himself states was filed to "seek[] judicial review of an unfavorable decision regarding my disability benefits…" under 42 U.S.C. §405(g)-(h) (Doc. #1 at 2-3), as a vehicle to bring his purported "negligence/incompetence" claims. *See supra* fn. 2.

### III. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Plaintiff's complaint be

4

**DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B)**.**

Dated: December 5, 2012                             s/David R. Grand
Ann Arbor, Michigan                                 DAVID R. GRAND
                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 5, 2012.

                                                    s/Felicia M. Moses
                                                    FELICIA M. MOSES
                                                    Case Manager