UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE W. KIRKLAND, JR.,

      Plaintiff,                                      Case Number 12-15035

v.                                                  Honorable David M. Lawson
                                                      Magistrate Judge David R. Grand

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CASE

This matter is before the Court on the report and recommendation issued on December 5, 2012 by Magistrate Judge David R. Grand. Plaintiff George W. Kirkland, Jr. filed objections to the report and recommendation on December 20, 2012. The magistrate judge's report sets forth the procedural history of this case and Kirkland's prior related case based on the same facts, which was dismissed for failure to state a claim. *Kirkland v. Comm'r of Social Security*, 12-11028 (E.D. Mich. Sept. 7, 2012). After reviewing the report and recommendation and the pleadings filed in this case, the Court finds that the complaint fails to state a claim and must be dismissed.

The Court has a duty to screen the complaint under 28 U.S.C. § 1915(e)(2) because Kirkland requested and was granted pauper status. *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). The magistrate judge noted this and recommended that the Court dismiss the complaint *sua sponte* due to Kirkland's failure to allege that any administrative hearing was held or that any final decision of the Commissioner was rendered as to his benefit dispute. Section 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

In his complaint, Kirkland narrates the extensive history of his benefit disputes with the Social Security Administration. Kirkland's distress centers on his charge that the agency has continued to hold certain overpayments of benefits against him despite the fact that, according to Kirkland, an administrative law judge in 2008 rendered a "fully favorable decision" with regard to the overpayments and found that he did not receive any overpayment. Kirkland attached a letter from the agency dated October 12, 2011, which states that Kirkland was overpaid $2,708.80 for the months of June and July 2011. He did not attach any documents to his complaint or allege any facts showing that he requested or had any hearing to dispute this stated overpayment, but only questions the fact that the letter does not apparently mention a number of payments properly made and amounts allegedly due. Compl. at 27-29.

When he filed his complaint with the Clerk, Kirkland attached a form cover sheet entitled "Petition for Judicial Review of the Decision of the Commissioner of Social Security," and he asserts in his complaint that he is "filing this action seeking judicial review of an unfavorable decision regarding my disability benefits." Compl. at 2. However, Kirkland also alleges in his complaint that he is "suing Social Security for negligence/incompetence of my benefits that caused me undue hardships and mental anguish." Compl. at 2-3. In his objections to the magistrate judge's report, Kirkland insists: "I thought I was explicitly clear and understandable when I stated [that] I am suing Social Security for negligence/incompetence of my benefits that cause me undue hardships and mental anguish." Pl.'s Objs. at 1.

Whether the Court reads the complaint as a petition for review of an administrative denial of benefits or as an attempt to seek redress in tort against the Commissioner or the agency, the conclusion is the same: the complaint fails to state a claim because the Court lacks jurisdiction to

hear any cause of action that might be discerned from that document. First, the Court lacks jurisdiction to entertain any challenge to the October 12, 2011 benefit determination by the agency, because the plaintiff has made no showing that he sought or had an administrative hearing to dispute that determination. Judicial review of Social Security claims is governed by 42 U.S.C. § 405. Section 405(g) provides that an individual seeking review of an adverse decision in a Social Security action may commence an action in federal court only after obtaining a final decision of the Commissioner. Exhaustion of administrative remedies is required before any federal district court review may take place. *Weinberger v. Salfi*, 422 U.S. 749 (1975).

Second, the Court lacks jurisdiction to hear any negligence claim against the agency based on an alleged improper denial of benefits, because such a claim would be barred by the doctrine of sovereign immunity, and the United States has not waived that immunity for claims based on negligent handling of Social Security claims. In *Schweiker v. Chilicky*, 487 U.S. 412, 424-30 (1988), the Supreme Court held that the improper denial of Social Security benefits allegedly resulting from due process violations by the administrators of the program could not give rise to a constitutional tort claim. "In addition, the Social Security Act precludes any claim under the Federal Tort Claims Act for the wrongful withholding of benefits." *McKenna v. Comm'r of Social Security*, No. 97-6466, 156 F.3d 1231, 1998 WL 466557, at *2 (6th Cir. July 31, 1998).

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #8] is **ADOPTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**, except the claims for negligence, which are **DISMISSED WITH PREJUDICE**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated: January 4, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 4, 2013.

s/Shawntel Jackson
SHAWNTEL JACKSON